**Stanley W. ORLOWSKI, Sr., Plaintiff,**

v.

**MASSACHUSETTS REHABILITATION COMMISSION and Department of Health and Human Services, Defendants.**

**Civ. A. No. 83–0032–F.**

United States District Court,
D. Massachusetts.

June 19, 1984.

Joan C. Stoddard, Asst. Atty. Gen., Boston, Mass., for Massachusetts Rehabilitation Com'n.

C. Brian McDonald, Asst. U.S. Atty., Boston, Mass., for Dept. of Health and Human Services.

## MEMORANDUM

FREEDMAN, District Judge.

On February 21, 1984, this Court referred plaintiff Stanley Orlowski, Sr.'s case to a magistrate for a recommendation on defendants Massachusetts Rehabilitation Commission's and Department of Health and Human Services' motions to dismiss. The Magistrate, after examining the documents in the case and hearing argument on the defendants' motions, recommended that defendants' motions be granted because Mr. Orlowski's complaint failed to comply with Fed.R.Civ.P. 8, in that it failed to indicate the grounds for this Court's jurisdiction and also did not contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R.Civ.P. 8(a)(2).

The Federal Magistrates Act, 28 U.S.C. §§ 631–39, authorizes me to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id.* § 636(b)(1). I, too, have carefully reviewed all the papers in Mr. Orlowski's case and, because I agree with the Magistrate's Recommendation in its entirety, I adopt it.

This Court wants Mr. Orlowski to understand that this is not just another faceless, callous denial of his claim. This Court is aware that all is not well with the Social Security Administration in general and its disability procedures in particular. The poignancy of disability denials, wherein administrative delays compound intense human suffering, gnaws at the Court.

However, the lattice of our judicial system is crafted of principles and rules, and the social security's safety net is lashed to such a frame. Though we be wrongfully denied and rightfully angry, we must seek justice within this structure, adhering to the principles and rules, or sink into an anarchy where justice is the child of whim and not law.

■ One rule we have in our system is that a court cannot act in a case unless it has what is known as "subject matter" jurisdiction. Very basically, federal courts have subject matter jurisdiction over cases that involve the violation of some federal law: the Constitution, a statute or an agency regulation. It is up to the plaintiff in a federal case to point this law out; otherwise the court is powerless to act. Thus, when the Magistrate says he is "unable to decipher the grounds upon which the District Court's jurisdiction might depend," this is what he is referring to. It is not enough for Mr. Orlowski to say he has been wronged; he must point to the laws that give the federal court the power to act in his case.

■ A second rule in our system is that each side in a lawsuit must give the other some idea of what laws and facts it is relying on for relief or as a defense. If each side has to put its cards on the table, the Court can weed out cases that are frivolous and, if a case does get to trial, each side has been able to prepare and neither side is unfairly surprised by the other's presentation. As the Magistrate

has indicated, it is impossible to understand exactly what Mr. Orlowski's legal claim is, that is, on what laws he is relying, and it is therefore impossible for the defendants to prepare a defense. Under our rules, Mr. Orlowski must be more specific.

An appropriate Order shall issue.

### ORDER

This case is before me for review of the Recommendation of a magistrate. For the reasons set forth in the Memorandum entered this date, I adopt the Magistrate's Recommendation in its entirety. Defendants' motions to dismiss for plaintiff's failure to comply with Fed.R.Civ.P. 8 are GRANTED.

It is So Ordered.